**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CASANOVA HAMBRICK, | DOCKET NUMBER |
| Appellant, | DC-3443-17-0481-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: July 14, 2022 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Silas Burgess, III, New York, New York, for the appellant.

Greg Allan Ribreau, Esquire, Charlotte, North Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons set forth below, we GRANT the petition, VACATE the initial decision, and FORWARD the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's allegations of agency noncompliance with a settlement agreement to the Washington Regional Office for docketing as a petition for enforcement.

## BACKGROUND AND ANALYSIS

¶2      On February 14, 2014, the appellant filed a Board appeal of the agency's February 11, 2014 decision to remove him for alleged misconduct. *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-I-1, Initial Appeal File (0454 IAF), Tab 1. On November 6, 2014, the parties entered into a settlement agreement that resolved that appeal. 0454 IAF, Tab 24. The following day, the administrative judge issued an initial decision that dismissed the appeal as settled and informed the parties that the settlement agreement had been entered into the record for enforcement purposes. 0454 IAF, Tab 25, Initial Decision. The initial decision became final when neither party filed a petition for review.

¶3      On September 17, 2015, the appellant filed a petition for enforcement of the settlement agreement. *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-C-1, Compliance File (0454 C-1 CF), Tab 1. On October 21, 2015, the administrative judge issued a compliance initial decision, finding the agency in compliance and denying the petition for enforcement. 0454 C-1 CF, Tab 6, Compliance Initial Decision. The appellant filed a petition for review, in which he made additional allegations of noncompliance, and on March 8, 2016, the full Board issued a final order denying the appellant's petition for review and forwarding to the regional office the appellant's new allegations of noncompliance, contending that, among other things, the agency had failed to pay him $156 and failed to restore all of the annual leave to which he was entitled. *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-C-1, Final Order (Mar. 8, 2016). The U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision on appeal. *Hambrick v. U.S. Postal Service*, 662 F. App'x 938 (Fed. Cir. 2016).

¶4     After docketing the forwarded compliance matter and affording the parties an opportunity to submit evidence and argument, the administrative judge issued an initial decision, denying the appellant's second petition for enforcement on June 8, 2016. *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-C-2, Compliance File, Tab 6, Compliance Initial Decision. The appellant petitioned for review. *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-C-2, Petition for Review File, Tab 1. The Board denied the petition, finding that the agency was in compliance regarding the payment of $156 and the restoration of annual leave. *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-C-2, Final Order, ¶ 5 (Jan. 6, 2017). Regarding the appellant's contention that he was entitled to compensatory damages because of the agency's delay in complying, the Board found that it lacked the authority to award damages for the breach of a settlement agreement. *Id.*, ¶ 6. The Board found further that, to the extent the appellant was contending that the agency miscalculated his back pay, that matter was decided on the merits in his first petition for enforcement, and the appellant was precluded from relitigating the issue. *Id.*

¶5     On May 1, 2017, the appellant filed a new submission with the regional office, alleging that the agency had breached the settlement agreement by improperly reporting his income for 2014 to the Internal Revenue Service, causing him to suffer penalties that he learned of by notice dated April 10, 2017, and caused his medical and life insurance policies to be cancelled. *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-3443-17-0481-I-1, Initial Appeal File (0481 IAF), Tabs 1-2, 5. The regional office did not docket the filing as a petition for enforcement, however. 0481 IAF, Tab 3. The administrative judge dismissed the appeal for lack of jurisdiction, noting that the appeal was not docketed as a petition for enforcement in light of the Board's prior compliance decisions. 0481 IAF, Tab 15, Initial Decision (0481 ID) at 1 n.1.

¶6	The appellant has petitioned for review, rearguing the issues that he raised below regarding his tax liability and asserting that the agency is in violation of the settlement agreement because it did not contribute matching funds to his Thrift Savings Plan account or deposit breakage, the difference between the value of shares of the applicable investment fund that would have been purchased had the contribution been made on the "as of" date and the value of the shares of the same investment fund on the date the contribution was posted to the account. *Hambrick v. U.S. Postal Service*, MSPB Docket No DC-3443-17-0481-I-1, Petition for Review File (0481 PFR File), Tab 1 at 4-5; *see* 5 C.F.R. § 1605.1(b); *see also* 5 C.F.R. § 1605.13. The agency has responded in opposition to the petition. 0481 PFR File, Tab 3.

¶7	The appellant's submissions below and on petition for review are clearly related to alleged noncompliance by the agency with the settlement agreement that the parties entered into in 2014. 0481 IAF, Tabs 1-2, 5; 0481 PFR File, Tab 1. Thus, the administrative judge should have processed the matter as another petition for enforcement of the settlement agreement. Moreover, the issues that the appellant raises in his filing do not appear to be identical to those adjudicated by the Board in his prior petitions for enforcement.[2] It is premature to make any findings on the appellant's allegation of noncompliance with the settlement agreement because the parties have not been afforded the opportunity to submit evidence and argument on the compliance issues raised.

---

[2] The administrative judge's footnote attempting to explain his reasons for not adjudicating the appeal as a petition for enforcement merely sets forth the case history and does not justify his approach to the case. 0481 ID at 1 n.1. To the extent that issues raised by the appellant have been adjudicated in prior petitions for enforcement, the Board has found that such a situation is properly addressed under the doctrine of res judicata. *See Senyszyn v. Department of the Treasury*, 113 M.S.P.R. 453, ¶¶ 9, 12 (2010).

**ORDER**

¶8　　　Accordingly, we vacate the initial decision's dismissal of the appeal for lack of jurisdiction and forward the matter to the Washington Regional Office for docketing as a petition for enforcement of the settlement agreement in *Hambrick v. U.S. Postal Service*, MSPB Docket No. DC-0752-14-0454-I-1, and for further adjudication in accordance with this Order.

**NOTICE OF APPEAL RIGHTS**[3]

　　　You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

　　　Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

　　　**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.